# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-1993-GW(PLAx) | Date | July 22, 2010 |
| Title | *Century Tile, Inc. et al. v. Hirsch Glass Company, et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
Patrick J. Orme  
David A. Dillard

Attorneys Present for Defendants:  
Enoch H. Liang  
Daniel Taylor

**PROCEEDINGS:** DEFENDANT HIRSCH GLASS COMPANY'S MOTION FOR ATTORNEY'S FEES AND COSTS (filed 06/21/10)

Hearing is held. The Court's tentative ruling is circulated and attached hereto.

Court hears oral argument and the matter is submitted.

: 21

Initials of Preparer   JG

*Century Tile, Inc., et al. v. Hirsch Glass Company, et al.*, Case No. CV-08-1993
Tentative Ruling on Motion for Attorney's Fees and Costs

**INTRODUCTION**

Defendant Hirsch Glass Company ("Defendant") moves to recover attorney's fees and costs it incurred in defending this action brought by plaintiffs Century Tile, Inc. and Carl Steadly (collectively, "Plaintiffs"). Defendants seek four alternative fee awards: 1) their total amount incurred in connection with the copyright claims: $500,224.90; 2) their total amount spent on the copyright claims after the Court's April 7, 2009 ruling on the parties' summary judgment motions: $244,155; 3) 5/17ths or 29.4% of their total copyright fees incurred prior to June 17, 2009, as an approximation of time spent on the five copyrights that Defendants dropped from this action on the eve of the final pre-trial conference held on June 18, 2009; or 4) their total amount incurred in connection with Plaintiffs' trade dress claim, $95,915.10. They also seek $31,229.56 in non-taxable costs.

**COPYRIGHT COSTS AND FEES**

Attorney's fees are available in copyright cases as follows:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The Court must first determine whether an award is appropriate at all and then, if so, the calculation of that award. *See Cadkin v. Loose*, 569 F.3d 1142, 1147 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 1895 (2010). In deciding whether to award fees, the Court is to consider "the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001), *cert. denied sub nom., Feltner v. Columbia Pictures Television, Inc.*, 534 U.S. 1127 (2002). Yet, "culpability on the part of the losing party" is not required. *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d

1

1211, 1229 (9th Cir. 1997) (quoting *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996)), *cert. denied*, 523 U.S. 1021 (1998).

Overall, "[f]ees are proper under [section 505] when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir.), *cert. denied*, 552 U.S. 1062 (2007); *see also Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) ("[T]he question is whether a successful *defense* of the action furthered the purpose of the [Copyright] Act, not whether a *fee award* would do so.") (emphasis in original)[1]; *Fantasy, Inc.*, 94 F.3d at 558 (indicating that "[f]aithfulness to the purposes of the Copyright Act is…the pivotal criterion"). The standards are the same no matter which side prevails. *See Perfect 10*, 488 F.3d at 1120.

1. Degree of Success Obtained

There is no question here that the defendants in this action obtained total success on the copyright claims. They prevailed at summary judgment. This factor, therefore, would support an award of costs and fees.

2. Frivolousness

Plaintiffs did not bring frivolous copyright claims in this action. Though the Court ultimately ruled against them on their claims, application of general copyright laws in this area was in some respect a novel and difficult task. *Compare Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996); *Applied Innovations, Inc. v. Regents of the Univ. of Minn.*, 876 F.2d 626, 638 (8th Cir. 1989). In addition, Plaintiffs actually had registered copyrights, meaning that they were prima facie valid. This factor weighs against an award.

3. Motivation

Defendant contends that Plaintiffs brought this case for anti-competitive reasons, but its evidence is far from overwhelmingly convincing in this regard. While Steadly may have testified that he did not want to "split the market," if he believed that he had valid (and expansive) copyrights, it would be strange for him to convey that he had any

---

[1] If there is a concern about whether or not a large-sized fee award would further the purposes of the Copyright Act, the correct approach would be to reduce the amount of the requested fee, if appropriate, not to deny fees outright. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003); *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556-57 (9th Cir. 1989), *cert. denied*, 494 U.S. 1017 (1990).

other hopes. His letters to customers, informing them of this action well after it had begun, are even less impressive when it comes to this factor. Where evidence concerning motivation is "equivocal," that is a reason to conclude that the factor does not support a fee award. *See Perfect 10*, 488 F.3d at 1120. At best, Defendant has only "equivocal" evidence here. This factor therefore weighs against an award.

4. Objective Unreasonableness

Again, while Plaintiffs ultimately lost this case, the issues were not clear-cut, at least up until the point in time that the Court issued its April 7, 2009, ruling. Even after that point, in August 2009, the Court issued a Tentative Ruling indicating that, in light of the parties' new arguments, a different resolution might be appropriate. At best, this factor would call for an award only of fees incurred after the April 7, 2009 ruling. However, even at that point in time, Plaintiffs presumably were waiting for a final judgment so as to pursue their appeal of the Court's ruling(s).

5. Advancement of Compensation and Deterrence

There is seemingly no need to deter copyright-holders from bringing lawsuits to enforce their copyrights in areas where, as discussed above, the application of the law is to a great degree uncertain. Even as to the post-April 7, 2009, time period, the Court would not seek to deter plaintiffs from continuing to litigate their case until summary judgment on infringement is actually granted, even if the chances of ultimately prevailing on the merits were slim. *Cf. Ets-Hoskin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (listing as another factor to consider "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff"). In other words, this case, in general, does not raise one of the "particular circumstances" calling for a need to advance considerations of compensation and deterrence. *See Maljack Prods.*, 81 F.3d at 890 (concluding, in a case where it also found copyright claims to be "if not frivolous, at least factually unreasonable," that "an award of fees may deter baseless suits") (emphasis added).[2]

There might, however, be some useful deterrent effect to awarding Defendant the fees it incurred in connection with the briefing and hearing on their motion, also decided on April 7, 2009, to (in part) strike certain references from Plaintiffs' summary judgment

---

[2] The Ninth Circuit does not appear to have ever considered application of this factor in any detail.

3

papers, which defendants argued was an attempt to expand the scope of the copyrights at issue in this litigation. On the other hand, the Court denied attorney's fees on that motion under Federal Rule of Civil Procedure 16(f)(2) because it determined that any violation of Rule 16 was "merely technical in nature." In that regard, a decision that would now award fees for that same conduct would be somewhat difficult to justify.

6. Furthering the Purposes of the Copyright Act

In *Berkla v. Corel Corp.*, 302 F.3d 909 (9th Cir. 2002), the Ninth Circuit was unconvinced by a defense argument for fees under this consideration where the district court had found that the defendants' use, "while not technically violating the virtual identity standard of copyright infringement, [the defendant's acts] nevertheless constituted a highly questionable business practice." *Id.* at 923. The Court clearly would not reach that conclusion in describing defendants' actions here.

As a result of this case, if it is upheld on appeal, there will be significantly more clarity in this area, as applied to these types of products, than there was previously. Although defendants are usually credited with this result where their defense is successful, Plaintiffs should not be penalized for attempting to protect valid, registered copyrights, only because the Court concluded the scope of the protection available to them was not as broad as they had hoped. In general, therefore, this over-arching consideration confirms the analysis of the individual factors set forth above – a fee award to Defendant in connection with Plaintiffs' copyright claims is likely inappropriate here.

7. Conclusion as to Copyright Fees and Costs

In sum, the Court would deny Defendant's request for costs and fees pursuant to 17 U.S.C. § 505.[3]

**TRADE DRESS FEES**

Attorney's fees may be awarded under the Lanham Act in "exceptional cases." 15 U.S.C. § 1117(a); *Mattel*, 353 F.3d at 816. This is true where a plaintiff's case is "groundless, unreasonable, vexatious, or pursued in bad faith." *Stephen W. Boney, Inc. v.*

---

[3] If the Court had awarded any measure of fees here, Defendant accurately observes that Plaintiffs have not contested either the reasonableness of defense counsel's rates, nor the number of hours spent on any particular project, as it would have been their burden to do. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

4

*Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997). "Exceptional circumstances" is to be construed "narrowly." *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008).

  Here, the Court granted partial summary judgment on Plaintiffs' trade dress claim because there were crucial flaws in each type of the circumstantial evidence Plaintiffs attempted to put forth in connection with the issue. While the Court concluded that the flaws in that evidence ultimately rendered the issue appropriate for disposition under Rule 56 of the Federal Rules of Civil Procedure, it did so because of its conviction that those flaws meant that the evidence was the <u>functional equivalent</u> of <u>no</u> evidence of secondary meaning. It was not, however, the <u>literal</u> equivalent of no evidence of secondary meaning.

  Because Plaintiffs did come forward with some evidence that they felt (not entirely unreasonably) might have had some effect on the issue of secondary meaning, the Court would be hard-pressed to conclude that this is an "exceptional case" calling for attorney's fees under the Lanham Act. Plaintiffs' trade dress claim would not appear to be unquestionably "groundless, unreasonable, vexatious, or pursued in bad faith" even if there were seemingly large obstacles for them to overcome on their way to recovery (such as the "private labeling" issue). *See also Applied Info. Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007) (affirming denial of attorney's fees to prevailing defendant where plaintiff had raised "debatable issues" and district court had found no compelling proof that plaintiff "acted capriciously or pursued litigation to harass" or that it "intended to bring a meritless or unreasonable case").

  The Court would also deny Defendant's request for fees under the Lanham Act.